UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA M. ROHDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-670 PLC |
| | ) |
| SAFECO INSURANCE COMPANY | ) |
| OF ILLINOIS, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court[1] on Plaintiff Cynthia Rohde's motion to remand. [ECF No. 10] Defendant Safeco Insurance Company of Illinois ("Safeco") opposes the motion. [ECF No. 12] The Court held a hearing on Rohde's motion to remand on May 29, 2019. For the following reasons, the Court denies the motion.

**I.   Background**

This action arises from a motor vehicle accident. According to Rohde's petition, Rohde was driving on Interstate 270, when Defendant Morgan Semanisin collided with a tractor-trailer (the driver of which was not identified) and then crashed into Rohde's vehicle, causing Rohde physical injuries. [ECF No. 4] Rohde alleges that she "was and is insured under four [Safeco] policies of uninsured motorist insurance covering the date of the incident at issue," which required Safeco to pay Rohde all amounts that she "would have been entitled to recover from" the unidentified truck driver. [Id.] Rohde claims that Safeco breached the policies by "failing and refusing to pay all amounts that Plaintiff would have been entitled to recover from" the

---

[1] The parties consented to a United States Magistrate Judge's exercise of jurisdiction over this matter under 28 U.S.C. § 636(c). [ECF No. 20]

1

unidentified truck driver. [Id.]

Rohde filed a two-count petition in the Circuit Court of St. Louis County alleging negligence against Semanisin and breach of contract against Safeco. [Id.] Semanisin was served on February 24, 2019. [ECF No. 7-1] Safeco was served on February 25 and timely removed the case to federal court on March 27 pursuant to 28 U.S.C. §§ 1441 and 1446. [ECF No. 1] In the notice of removal, Safeco stated that Semanisin consented to the removal. Neither Semanisin nor his counsel signed the notice of removal or filed a separate notice of consent to removal. On the same day that Safeco removed the case to federal court, Semanisin filed an answer to the petition in state court. [See ECF No. 10-1]

On April 1, 2019, Rohde filed a motion to remand the case to state court. [ECF No. 10] On April 9, the day after Safeco filed its memorandum opposing remand, Semanisin filed a "Notice of Consent to Removal." [ECF Nos. 12, 13]

**II.     Legal Standard**

The non-jurisdictional requirements to remove a case from state court to federal court are subject to "strict construction." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). Any doubts about the propriety of removal are resolved in favor of remand. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993).

**III.    Discussion**

Rohde argues that removal was improper because "[t]he lone, bare statement by Defendant Safeco's counsel that 'Defendant Morgan Semanisin has consented to the removal of this action' is insufficient to satisfy the Eighth Circuit unanimity requirement for removal." [ECF No. 10] Rohde maintains that 28 U.S.C. § 1446(b) and Eighth Circuit case law require that all defendants, within the thirty-day removal period, either join in the removal or otherwise

communicate to the court their consent to removal. [ECF No. 11] Safeco counters that: (1) Rohde relies on cases applying the pre-2011-amendment version of 28 U.S.C. § 1446(b); and (2) nothing in that statute requires an earlier served defendant to (a) communicate his or her consent directly to the court (b) within thirty days of service on the removing defendant. [ECF No. 12]

28 U.S.C. § 1446 sets forth the procedural requirements for removal and requires a defendant's notice of removal to "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). In 2011, Congress amended section 1446, codifying the judicially-created "rule of unanimity," which requires that all defendants in a suit who have been properly joined and served consent to removal. 28 U.S.C. § 1446(b)(2)(A); Griffioen v. Cedar Rapids & Iowa City Ry. Co., 785 F.3d 1182, 1186 (8th Cir. 2015). "When defendants are served at different times,…an earlier served defendant may consent to a later-served defendant's timely removal even if the earlier-served defendant did not file a notice of removal within thirty days of its own service." Couzens v. Donohue, 854 F.3d 508, 514 (8th Cir. 2017) (citing 28 U.S.C. § 1446(b)(2)(C)). However, section 1446 does not explicitly "describe the form of or time frame for consent when multiple defendants are involved." Griffioen, 785 F.3d at 1187.

In Griffioen, the Eighth Circuit addressed the question of "whether a representation in a removing defendant's notice stating that its codefendants consent can satisfy § 1446's unanimity requirement." Id. Griffioen involved a putative class action against numerous defendants, including Union Pacific, CRANDIC, and ten additional defendants referred to as the "Stickle Defendants." Id. at 1185. Union Pacific timely filed a notice of removal on July 2, 2013 stating that its counsel had contacted counsel for co-defendants "and there is no objection to removal." Id. at 1185. Union Pacific also attached a "local rule certification" that stated: "The co-

defendants have given their consent to the removal of this action." Id. CRANDIC filed a notice of consent to removal on July 10, but the Stickle Defendants did not file a notice of removal until July 31, after Plaintiff filed the motion to remand.[2] Id.

The Eighth Circuit acknowledged its earlier statement advising non-removing defendants who wish to consent to removal to "either sign the notice of removal or file a timely and unequivocal consent." Griffeon, 785 F.3d at 1187 (quoting Christiansen v. W. Branch Cmty. Sch. Dist., 674 F.3d 927, 933 (8th Cir. 2012)). However, the court also recognized that "the written indication of consent can come in various forms, and we have been 'disinclined to apply the unanimity requirement in a hypertechnical and unrealistic manner.'" Id. (quoting Christiansen, 674 F.3d at 933 (internal quotation omitted)). The court concluded that "a defendant's timely removal notice indicating consent on behalf of a codefendant, signed and certified pursuant to Rule 11 and followed by the filing of a notice of consent from the codefendant itself, sufficiently establishes that codefendant's consent to removal."[3] Id. at 1188.

---

[2] Union Pacific, CRANDIC, and the Stickle Defendants opposed the motion to remand. Id. at 1186.

[3] The Griffioen court explained: "The potential for Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendant's notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent and forcing codefendants into a federal forum against their will." 785 F.3d at 1187. The court also considered the 2011 amendments to section 1146 and determined they did not favor a "hard-line requirement." Id. The court reasoned:

> The 2011 amendments to § 1446 that codified the rule of unanimity did not describe the form of or time frame for consent when multiple defendants are involved. By comparison, § 1446 as amended lays out in detail the procedures for the notice of removal, including the form of the notice and the time frame for each defendant to file it in a multiple-defendant action. Congress could have defined with equal specificity the form of or time for consent but chose not to do so. Its failure to do so dissuades us from adopting a rule that places form over substance.

Id.

See also Mayo v. Bd. of Educ. of Prince George's Cty., 713 F.3d 735, 742 (1st Cir. 2013) ("[A] notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal.")

Rohde argues that Griffioen is distinguishable from her case because, even though the court "allowed a non-removing codefendant to file consent after the 30-day removal period had run…there were other, pre-deadline indications of the non-removing defendant's consent[.]" [ECF No. 14 at 2-3] Significantly, however, the "pre-deadline indications" of consent were not direct communications from the co-defendants. Rather, Union Pacific's counsel submitted a "local rule certification" stating that the co-defendants consented to removal of the action. Griffioen, 785 F.3d at 1185. Union Pacific's pre-deadline communication of co-defendants' consent is comparable to Safeco's notice of removal, which was signed by Safeco's attorney in accordance with Rule 11 and clearly stated that Semanisin consented to removal.[4]

---

[4] Rohde urges the Court to apply the reasoning in Gruska v. Keylien Corp. "because the facts of this case are identical in all relevant ways." [ECF No. 11] No. 4:13-CV-1532-CAS, 2013 WL 6858498 (E.D. Mo. Dec. 30, 2013). In Gruska, the Eastern District found that one defendant's assertion in its notice of removal that its co-defendants consented was insufficient notice of consent to removal, and it remanded the case to state court. Id. at *3. While Gruska is factually similar to the instant case, it was decided before the Eighth Circuit's decision in Griffioen. Indeed, district courts considering the sufficiency of consent to removal since Griffioen have found that that a defendant's timely filed and signed notice of removal stating that co-defendants consented to removal satisfied section 1446's unanimity requirement. See Johnson v. Law Offices of Lohman, No. 4:19-CV-457-AGF, 2019 WL 2269718, at *2 (E.D. Mo. May 28, 2019) (defendant's attorney's representation of co-defendant's consent to removal was sufficient even though co-defendant did not file its notice of consent to removal until after the thirty-day deadline); Franklin v. State of Mo., No. 4:15-CV-1283-NCC, 2016 WL 366799, at *2 n. 2 (E.D. Mo. Jan. 29, 2016) (plaintiff withdrew motion to remand, acknowledging "that the statement in the Notice of Removal that Missouri consented to removal was sufficient to meet the requirement that all served defendants must consent to removal."); Gauert v. Gerdau Ameristeel U.S. Inc., No. 4:16-CV-1091-DGK, 2017 WL 1609861, at *2 (W.D. Mo. May 1, 2017) (consent requirement of section 1446 was satisfied when non-removing defendant filed declaration, one month after notice of removal, stating he had consented to the removal). Cf.

5

At oral arguments, counsel for Rohde also argued that remand is appropriate because Semanisin's notice of consent to removal was untimely. Rohde's attorney emphasized that Semanisin did not oppose her motion to remand and did not file his notice of consent to removal until after the time to respond to the motion expired. The Court agrees that a prompt and direct communication to a court of a co-defendant's consent to removal is the preferred course. The Court also recognizes, however, that the Eighth Circuit has not adopted a strict interpretation and enforcement of the unanimity requirement.[5] See Couzens, 854 F.3d at 515. In light of this circuit's "reluctance to apply the unanimity requirement in a 'hypertechnical and unrealistic manner,'" the Court holds that Semanisin sufficiently consented to removal.

Accordingly,

**IT IS HEREBY ORDERED** that Rohde's motion to remand [ECF No. 10] is **DENIED**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of June, 2019

---

Henry v. Sentry Ins., No. 4:16-CV-656-CEJ, 2016 WL 4263131, at *2 (E.D. Mo. Aug. 12, 2016) (remanding because defendant did not state in notice of removal that it had obtained consent of co-defendants to remove and co-defendants had not filed explicit statements of consent following removal).

[5] In Couzens, the Eighth Circuit declined to specify a time limit to consent to removal under section 1446(b)(2)(C). 854 F.3d at 515. In that case, the removing defendant did not state whether co-defendant consented to removal, and co-defendant filed its consent thirty-one days after the filing of the notice of removal. 854 F.3d at 514. The Eighth Circuit found the co-defendant's consent sufficient, noting that the non-removing party later submitted an affidavit that the removing defendants had obtained its consent prior to removal. Id. at 515.