UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA M. ROHDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19cv00670 PLC |
| ) | |
| SAFECO INSURANCE COMPANY ) | |
| OF ILLINOIS,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Cynthia Rohde's ("Rohde's") "Motion to Strike Defendant Safeco Insurance Company of Illinois' Expert Dr. Brett A. Taylor" ("motion to strike") [ECF No. 38] and Defendant Safeco Insurance Company of Illinois's ("Safeco's") "Motion for Leave to Serve Supplemental Rule 26(a)(2) Disclosure" ("motion to supplement") [ECF No. 42]. More than fourteen days have passed since Safeco filed its motion, and Rohde has not filed opposition to the motion or sought more time in which to do so. See Local Rule 4.01(B). Rohde does, however, discuss Safeco's motion to some extent in her reply supporting her motion to strike. For the following reasons, the Court denies Rohde's motion and grants Safeco's motion, changes certain deadlines, and reschedules trial.

As stated in her petition, which she filed in state court in February 2019, Rohde allegedly sustained personal injuries as a result of a motor vehicle accident occurring on July 27, 2017, in

---

[1] As originally filed, Plaintiff Cynthia M. Rohde named two defendants in her petition: Morgan Semanisin (Count I) and Safeco Insurance Company of Illinois (Count II). See Pl.'s pet'n [ECF No. 4]. Rohde recently dismissed Defendant Semanisin from this lawsuit. See Pl.'s partial dismissal, filed Mar.3, 2020 [ECF No. 45], see also Order of partial dismissal, filed Mar. 6, 2020 [ECF No. 46]. Therefore, neither Defendant Semanisin nor Count I are now before the Court. The only claim still pending is Rohde's uninsured motorist coverage claim against Defendant Safeco Insurance Company of Illinois in Count II. See Pl.'s pet'n [ECF No. 4].

1

which a "phantom" or unknown driver's truck struck Morgan Semanisin's vehicle causing it to collide with Rohde's vehicle. Rohde alleges that she "was and is insured under four [Safeco] policies of uninsured motorist insurance covering the date of the incident at issue." [Id.] In Count II, the only count remaining before the Court after Rohde's early March 2020 dismissal of Semanisin as a defendant in this case, Rohde claims that Safeco breached its insurance policies by "failing and refusing to pay all amounts that [Rohde] would have been entitled to recover from" the unidentified truck driver. [See id., Count II.]

After Safeco removed the lawsuit from the Circuit Court of St. Louis County to this Court on March 27, 2019, and after consulting with counsel for the parties, the Court entered a Case Management Order ("CMO") which, among other things, set deadlines: (1) for requesting and completing examinations of any party, (2) for disclosing the identity of each party's expert witness(es) and the expert witness(es)' report(s), and (3) for completing depositions of the expert witness(es). See CMO, filed May 29, 2019 [ECF No. 23]. The Court later granted Safeco's unopposed motion to extend certain deadlines. See Order, filed Sept. 3, 2019 [ECF No. 27]. In particular, the Court extended deadlines as follows: (1) October 2, 2019, became the deadline for requesting a party's physical or mental examination; (2) November 1, 2019, became the deadline for completing a party's physical or mental examination; (3) November 21, 2019, became the deadline for Safeco to disclose its expert witness(es) and any such witness's report(s); (4) December 20, 2019, became the deadline for deposing Safeco's expert witness(es); (5) Rohde had until January 20, 2020, to disclose any rebuttal witness; and (6) February 1, 2020, became the deadline for completing any deposition of Rohde's rebuttal expert witness(es). Id.

Safeco moves for leave to serve a supplemental Rule 26(A)(2) disclosure endorsing Brett A. Taylor, M.D. as an expert witness "outside the time required by the Court's" extended

deadlines. In support, Safeco states "[e]xceptional circumstances exist . . . that justify an extension of the" October 2, 2019 deadline for requesting an examination of Rohde,[2] the November 1, 2019 deadline for the completion of the examination of Rohde, and the November 21, 2019 deadline for Safeco's disclosure of its expert witnesses. Safeco asserts: (1) it arranged for Dr. Taylor, an orthopedic surgeon, to examine Rohde on October 30, 2019, which was within the extended deadline of November 1, 2019 for completion of examinations; (2) Rohde's "counsel requested that the examination be rescheduled to a Friday to accommodate [Rohde]'s work schedule"; (3) Safeco's counsel "agreed to reschedule the appointment . . . and obtained an appointment on November 14, 2019, which was after the [November 1, 2019 extended] deadline for the completion of" any examination of Rohde. Safeco explains that "[b]ecause the examination was rescheduled, the report [from Dr. Taylor] was not available to [Safeco's] counsel until December 17, 2019." Safeco's counsel

> forwarded the report to [Rohde]'s counsel [on December 23, 2019] with a letter stating that [Safeco] would supplement the expert witness disclosure as soon as [its] counsel received Dr. Taylor's testimony list and statement of charges for the [examination] and report; [and Safeco's counsel served] a formal pleading showing the endorsement of Dr. Taylor . . . on [Rohde]'s counsel on January 6, 2020.

Safeco urges the parties "have been diligent and otherwise cooperative in conducting discovery and preparing their cases. Counsel [for the parties] have already reached an agreement on time frames for defense expert depositions."

---

[2] The record shows that Safeco asked to have a doctor examine Rohde within the time allowed for making such requests. As noted earlier, a litigant had until October 2, 2019, to request an examination of a party. Within that deadline, specifically, on October 1, 2019, Safeco filed a motion for an order allowing the October 30, 2019, examination of Rohde by Dr. Taylor. See also Rohde's motion to strike, para. 2 [ECF No. 38]. The Court denied that motion without prejudice on October 2, 2019, because the motion did not state "that counsel for the parties ha[d] made good faith and reasonable efforts to schedule the examination" as required by then Local Rule 37-3.04(A) [which is now Local Rule 3.04A]. Order, filed Oct. 2, 2019 [ECF No. 29]. Therefore, there is no dispute that Safeco timely requested an examination of Rohde by Dr. Taylor, and an extension of the October 2, 2019 deadline is not necessary.

3

While Rohde presents in her motion to strike a different perspective on the events reported by Safeco, Rohde does not dispute that Rohde's examination, originally set for October 30, 2019, was rescheduled to November 14, 2019, to accommodate Rohde's work schedule. Rohde additionally states that Safeco timely served on November 21, 2019, a Rule 26(a)(2) disclosure identifying Kevin Johnson of Crash Consulting Services, LLC as an expert witness and providing a copy of his report. See para. 4 of Pl.'s mot. strike [ECF No. 38] and Ex. 4 attached to Pl.'s mot. strike [ECF No. 38-4]. Safeco's November 21, 2019, disclosure also stated, as Rohde notes, that Safeco reserved the right to disclose additional experts, including Dr. Taylor. Id. Furthermore, Rohde does not dispute that, on January 6, 2020, Safeco served its "first supplemental Rule 26(a)(2) disclosure" that Dr. Taylor was an expert witness and provided an unsigned copy of Dr. Taylor's report. Pl.'s mot. strike para 8 [ECF No. 38] and Ex. 3 attached to Pl.'s mot. strike [ECF No. 38-3]. Rohde points out, however, that Safeco has not yet produced Dr. Taylor's signed report and "has not offered any available dates for Dr. Taylor's deposition." Pl.'s mot. strike para. 10 [ECF No. 38].

Pursuant to Federal Rule of Civil Procedure 37(c)(1) only, Rohde moves to strike Safeco's "late disclosed expert, Dr. Brett A. Taylor, and prohibit[] Dr. Taylor from testifying at trial." Arguing that Safeco's January 6, 2020, disclosure was the first time that Safeco "purported to disclose and endorse Dr. [Brett A.] Taylor as an expert," Rohde contends Safeco's disclosure of Dr. Taylor was untimely. Rohde also asserts that she has yet to receive a signed version of Dr. Taylor's report. In support of her motion, Rohde urges that Safeco

> never filed a motion to extend its November 21, 2019 expert disclosure deadline. . . . . Safeco's counsel has never contacted [Rohde]'s counsel to discuss an extension or to request any agreement that Dr. Taylor could be disclosed out of time. Safeco's counsel has also never explained why scheduling [Rohde]'s examination [by Dr. Taylor] for November 14, 2019 would preclude the timely disclosure of Dr. Taylor

4

> or cause his disclosure to be 8 weeks late. . . . [Additionally, Rohde argues] Safeco
> . . . has not produced a signed report complying with Fed. R. Civ. P. 26(a)(2) and
> has not offered any available dates for Dr. Taylor's deposition.

Under the circumstances, Rohde contends Safeco's untimely disclosure of Dr. Taylor as an expert witness was neither "substantially justified" nor "harmless" so as to avoid application of the sanction of exclusion provided by Rule 37(c)(1). Rohde relies on Trost v. Trek Bicycle Corp., 162 F.3d 1004 (8th Cir. 1998), in support of her motion.

Safeco counters that the Court has wide discretion to fashion a remedy under Rule 37(c)(1) for a litigant's failure to identify a witness in compliance with Rule 26(a), and the exclusion of evidence "is a harsh penalty [that] should be used sparingly." ELCA Enters. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186, 190 (8th Cir. 1995). Based on the circumstances surrounding the disclosure of and examination of Rohde by Dr. Taylor, Safeco urges the Court not to strike Dr. Taylor's testimony or report because Safeco's disclosure of Dr. Taylor's report after the November 21, 2019, deadline was both "substantially justified" and "harmless" under Rule 37(c)(1).

Rule 37(c)(1) provides that when a litigant "fails to provide information or identify a witness as required by Rule 26(a) or (e),"[3] the litigant

> is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard may [enter other specified orders].

In a decision not cited by either party, the Eighth Circuit recently clarified that this Rule "by its terms . . . applies only when a party fails to comply with Rule 26(a) [or Rule 26(e)] and then seeks

---

[3] In relevant part, Rule 26(a) addresses the pretrial disclosure of expert testimony and, for purposes here, specifically expert witnesses "retained . . . to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2). In particular, such a disclosure requires a litigant to provide "a written report – prepared and signed by the [expert] witness" who is retained to provide expert testimony in the case. Fed. R. Civ. P. 26(a)(1)(B). Rule 26(e) sets forth requirements for a litigant's supplementation of its earlier disclosures and discovery responses, including the supplementation of information regarding expert witnesses. Fed. R. Civ. P. 26(e)(2)

5

to use the information 'on a motion, at a hearing, or at a trial.'" Petrone v. Werner Enters., Inc., 940 F.3d 425, 435 (8th Cir. 2019) (emphasis added).

Importantly, in Petrone, the Eighth Circuit concluded that Rule 37(c)(1) "was unavailable to the district court" when considering whether to allow the untimely pretrial disclosure of an expert witness's report. Id. at 434. More specifically, the Eighth Circuit stated, "Rule 37(c)(1) says nothing about its applicability when a court considers a motion . . . to amend a progression order and extend the deadline for Rule 26 disclosures." Id. at 435 (footnote omitted) (addressing amendment of a progression order under Rule 16(b)). The Eighth Circuit found the issue before the district court (whether to extend a discovery deadline to permit a party to disclose an otherwise late expert witness report) "clearly did not involve an attempt by [the party] to 'use that information or witness to supply evidence on a motion, at a hearing, or at a trial.'" Id.

That is exactly the situation presented here. Safeco does not now attempt to use Dr. Taylor or his report "to supply evidence on a motion, at a hearing, or at a trial." In other words, Safeco is not now presenting the late-disclosed Dr. Taylor or his report as evidence in support of Safeco's position on any motion, at any hearing, or at a trial now before the Court in this case. Safeco, instead, is seeking leave only to serve a supplemental Rule 26(A)(2) disclosure that would clearly identify Dr. Taylor as an expert witness for Safeco and disclose Dr. Taylor's report, beyond a relevant deadline set by the Court. Based on Petrone, this Court may not consider the application of Rule 37(c)(1) under the present circumstances. Accordingly, the Court denies Rohde's motion to strike, which is based only on Rule 37(c)(1).

To the extent Safeco seeks leave to serve a late disclosure of Dr. Taylor, who examined Rohde, as well as his report of that examination, the Court finds there is good cause for Safeco's late disclosure under the circumstances. Therefore, the Court grants Safeco's motion.

6

To provide the parties reasonable periods in which to: disclose Dr. Taylor's signed report and depose Dr. Taylor, allow Rohde to consider and disclose any rebuttal expert witness, provide Safeco an opportunity to depose any rebuttal expert witness, file any dispositive motion after the completion of discovery, and prepare for trial, the Court resets various deadlines and trial in this case. The parties should make every effort to agree on the scheduling of discovery-related activities within the deadlines below and to resolve any discovery-related disputes without the Court's intervention. No extension of these deadlines, by agreement or otherwise, is appropriate without a Court order.

After careful consideration,

**IT IS HEREBY ORDERED** that Rohde's motion to strike [ECF No. 38] is **DENIED**.

**IT IS FURTHER ORDERED** that Safeco's motion to supplement [ECF No. 42] is **GRANTED**.

**IT IS FINALLY ORDERED** that the September 8, 2020, trial date and present deadlines are **VACATED** and the following deadlines and trial date are set for this case:

(1) no later than **April 17, 2020**, Safeco shall serve its supplemental disclosure of Dr. Taylor, including a signed copy of his report and all other information required by relevant authority;

(2) no later than **May 18, 2020**, Rohde may depose Dr. Taylor;

(3) no later than **June 17, 2020**, Rohde may disclose any rebuttal expert witness she intends to present as a witness at trial, along with that witness's report;

(4) no later than **July 17, 2020**, Safeco may depose any rebuttal expert witness disclosed by Rohde;

(5) no later than **July 31, 2020**, the parties may file Daubert motions;

(6) all discovery permitted by this schedule shall be completed on or before **July 31, 2020**;

(7) any motion to dismiss, for summary judgment, or for judgment on the pleadings must be filed by **August 31, 2020**. Opposition briefs shall be filed on later than **September 21, 2020**, and any reply brief may be filed no later than **October 1, 2020**; and

(8) this matter is **RESCHEDULED for a three-to-four day jury trial** beginning on **Monday, February 22, 2021**.

All other terms and provisions of the original CMO, as amended and not changed by this Memorandum and Order, remain in full force and effect.

*Patricia L. Cohen*
_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2020